IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY J. FOSTER     PLAINTIFF

vs.     Civil No. 4:07-cv-04069

MICHAEL J. ASTRUE     DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Bobby J. Foster ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on November 23, 2004.[2] (Tr. 12, 53-56). Plaintiff alleged he was disabled due to "back problems." (Tr. 86, 234). Plaintiff alleged an onset

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] In his appeal brief, Plaintiff also claims he filed an application for Disability Insurance Benefits ("DIB"). (Doc. No. 7, Page 1). However, there is no indication in the record that Plaintiff ever filed an application for DIB. (Tr. 12, 227). Accordingly, this Court will only consider Plaintiff's application for SSI.

1

date of November 1, 2004. (Tr. 12, 53). This application was initially denied on January 7, 2005 and was denied again on reconsideration on August 18, 2005. (Tr. 41-42).

On September 13, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 39). This hearing was held on October 4, 2006 in Texarkana, Arkansas. (Tr. 227-241). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had finished the seventh grade. (Tr. 230).

On January 24, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act at all times pertinent to his decision. (Tr. 20, Finding 1). The ALJ determined that there was no evidence Plaintiff had engaged in any Substantial Gainful Activity ("SGA") since November 1, 2004, his alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had a "history of diagnoses of and/or treatment for lumbar degenerative disc disease; lumbar, cervical and thoracic strain; and hypertension." (Tr. 20, Finding 3). The ALJ determined these impairments were considered "severe." *See id.* The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Findings 3-4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20, Findings 5-6). At the administrative hearing, Plaintiff claimed he suffered from severe back pain. (Tr. 234). He claimed that his "back just give

out." *See id.* Plaintiff stated his back pain was so severe that it caused him to sometimes "just fall to my knees." *See id.* He claimed that his back pain was "just like sharp pain, it [is] just crippling." *See id.* According to Plaintiff, his back pain went down from his back to his buttock and his sides. (Tr. 235). He claimed he could only lift between ten to twenty pounds due to his back pain. (Tr. 235-236). Plaintiff stated, that due to his back pain, he could only sit for an hour or so before he had to get up and move around and that he could only walk a block to a block and one half before he had to stop and rest. (Tr. 234-235). Plaintiff also claimed he suffered from severe fatigue. (Tr. 227-241).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929. (Tr. 17-18). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling back pain and other limitations based upon several findings, including the following: (1) Plaintiff's limitations on his daily activities appeared to result from his self-imposed limitations, not from "actual functional restrictions caused by his medically-documented impairments;" (2) no physician had placed limitations or restrictions on Plaintiff's ability to sit, stand, or walk; (3) there was no indication in the record that Plaintiff had ever sought or received aggressive medical treatment or surgical intervention for his disabling back pain; and (4) the record did not indicate that Plaintiff had sought or attempted to obtain free or low-cost medical treatment, despite his complaints that he could not afford *any* medical treatment. (Tr. 17-18; 20, Finding 5).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 17-20, Finding 6). Specifically, the ALJ determined Plaintiff retained the following RFC:

3

> The claimant does not experience any symptoms, limitations or restrictions of such duration, frequency, or intensity to be disabling or that would preclude him from the performance of a wide range of less exertional light work activity. (The residual functional capacity to perform light work activity also includes the residual functional capacity to perform sedentary work activity). He can lift and/or carry up to 20 pounds occasional and up to 10 pounds frequently. He is also capable of sitting, with normal breaks, for a total of about 6 hours in an 8-hour workday and is further capable of standing and/or walking, with normal breaks, for a total of about 6 hours in an 8-hour workday. He does not have any other medically-established additional significant postural limitations, manipulative limitations, environmental limitations, communicative limitations, or mental restrictions.

(Tr. 20, Finding 6). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ determined Plaintiff was born on August 5, 1963. (Tr. 20, Finding 7). The ALJ determined Plaintiff was forty-one (41) years of age through forty-three (43) years of age during the period from November 1, 2004, his alleged onset date of disability, through the date of the ALJ's decision. (Tr. 20, Finding 7). The ALJ determined that, at all pertinent times, Plaintiff was a "younger adult individual." *See id.* The ALJ also found Plaintiff had completed a seventh grade education, which is defined as a limited education. (Tr. 21, Finding 8).

The ALJ then determined that Plaintiff had no Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. (Tr. 21, Findings 9-11). First, the ALJ determined that Plaintiff had not engaged in any work activity at a level to be considered SGA during the past fifteen years, and, therefore, had no vocationally relevant past work. (Tr. 21, Finding 9). The ALJ then, however, applied the Medical-Vocational Guidelines ("Grids") to determine whether Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 21, Findings 10-11). The ALJ found, based upon the Grids, that Plaintiff could perform approximately 1600 separate sedentary and light unskilled occupations in eight broad occupational categories with each occupation representing numerous jobs in the

4

national economy. (Tr. 21, Finding 10). The ALJ determined Plaintiff could perform these jobs after a short demonstration or within thirty days and did not require any special skill or expertise. (Tr. 21, Finding 10). Finally, the ALJ determined, based upon these findings, that Plaintiff had not been under a "disability" within the meaning of the Act and was, therefore, not disabled. (Tr. 21, Finding 12).

On February 2, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.984(b)(2). On June 28, 2007, the Appeals Council declined to review this determination. (Tr. 4-6). On July 23, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on July 25, 2007. (Doc. No. 4). Both parties have filed appeal briefs (Doc. Nos. 7-8), and this case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

5

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision is not supported by substantial evidence in the record; (B) the ALJ erred by failing to determine that Plaintiff met the requirements of the Listings for his respiratory impairment; (C) the ALJ erred by finding that Plaintiff's capacity for light work[3] was not compromised by his nonexertional limitations; and (D) the ALJ erred by failing to obtain vocational testimony regarding Plaintiff's ability to perform work existing in significant numbers in the national economy. (Doc. No. 7, Pages 2-20).

In response to Plaintiff's arguments, Defendant claims that the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 5-13). Specifically, Defendant claims that Plaintiff did not establish that he met the requirements of the Listings. *See id.* at 6-13. Defendant claims that the ALJ properly evaluated Plaintiff's subjective complaints of pain and fatigue. *See id.* Defendant also asserts that the ALJ properly found Plaintiff's capacity for light exertional work was not compromised by nonexertional limitations and that the ALJ was not required to obtain the testimony of a vocational expert prior to finding Plaintiff was not disabled. *See id.*

**A. Substantial Evidence**

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 2-20). Specifically, Plaintiff claims the following: (1) the ALJ

---

[3] In his Appeal Brief, Plaintiff claims the ALJ found Plaintiff retained the RFC for *sedentary work.* The ALJ, however, found Plaintiff retained the RFC for *light work*, not for *sedentary work.* (Tr. 20, Finding 6). Therefore, this Court presumes Plaintiff intended to claim the ALJ erred in finding he retained the RFC for light work.

erred by finding Plaintiff did not meet the requirements of the Listings and (2) the ALJ erred in his credibility determination by finding that Plaintiff's claimed pain and fatigue were not disabling. *See id.* This Court will address both of these arguments.

**1. Listing Determination**

In his Appeal Brief, Plaintiff listed twenty-three different impairments and then stated that he "disagrees with the Administrative Law Judge's finding in that he does have impairments and/or a combination of impairments equal to one listed in (20 CFR §404.1501, et seq., Appendix 1)." (Doc. No. 7, Pages 3-4). Because Plaintiff does not provide any argument or authority providing the reasons *why* he disagrees with the ALJ's determination and *why* he meets the requirements of these Listings, this Court will not address these claims.[4] *See also Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

Later in his brief, Plaintiff specifically claims that he meets the requirements of the musculoskeletal listings, Listings 1.00(D)(E) and 1.03 through 1.09. *See id.* at 11-13. Plaintiff, however, provides essentially no argument supporting the broad claims that he meets the requirements of these Listings. *See id.* Instead, he merely restates the Listings and then claims the following: "Plaintiff meets the above Listings." *See id.*

In response to Plaintiff's claims, Defendant argues that Plaintiff has not met his burden of

---

[4] There is no indication in the record that these claimed impairments were even raised in either Plaintiff's application or at the administrative hearing in Plaintiff's case. Accordingly, this Court is not required to discuss these claimed impairments. *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993) and holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'").

8

establishing that he meets the requirements of any of these Listings. (Doc. No. 8, Pages 6-10). First, Defendant argues that Listing 1.00(D)(E) is not actually a musculoskeletal listing but is, instead, a part of the preamble to the musculoskeletal listings. *See id.* at 7. Therefore, as Defendant argues, Plaintiff cannot meet the requirements of this Listing. *See id.* Second, Defendant argues that, based upon the evidence in the record, Plaintiff has not demonstrated *how* any of the medical evidence during the relevant time period under consideration establishes that Plaintiff meets or equals the musculoskeletal listings (Listings 1.03 through 1.09) for presumptive disability. *See id.* Defendant bases his argument upon the findings of Dr. C.C. Alkire, M.D., a neurosurgeon, James Raker, a chiropractor, and Dr. Brian Thomas Oge, M.D. *See id.* This Court will address each of these Listings.[5]

### a. Listing 1.00(D)(E)

As noted by Defendant, Listing 1.00(D)(E) is not one of the Listings. Instead, it is a preamble to the musculoskeletal listings. Because this is not an actual Listing, there are no requirements for Plaintiff to meet.

### b. Listing 1.03

Plaintiff claims he meets the requirements of Listing 1.03. (Doc. No. 7, Pages 11-12). This Listing for presumptive disability is for "[r]econstructive surgery or surgical arthrodesis[6] of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." In his briefing, Plaintiff mischaracterizes this Listing as covering "arthritis of a major weight-bearing joint

---

[5] There is no Listing 1.09. Therefore, this Court will not address this Listing.

[6] "Arthrodesis" is defined as "[t]he stiffening of a joint by operative means." *PDR Medical Dictionary* 160 (3d ed. 2006).

9

(due to any cause)." (Doc. No. 7, Page 12). As noted above, the current Listing 1.03 deals with *surgery*, not *arthritis*. Plaintiff has admitted that he has never had surgery on his back. (Tr. 234). Accordingly, because Plaintiff has not had back surgery, he does not meet the requirements for Listing 1.03.

### c. Listing 1.04

Plaintiff claims he meets the requirements of Listing 1.04. (Doc. No. 7, Page 11). This Listing for presumptive disability is for "[d]isorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." To meet the requirements of this Listing, Plaintiff is required to establish that he suffers from one of the following:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> OR
>
> B. Spinal arachnoiditis[7], confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.002b.

---

[7] A type of inflammation. *See PDR Medical Dictionary* 127 (3d ed. 2006).

Plaintiff, however, has not established that he meets the requirements any one of these three categories. Plaintiff has the burden of establishing that he meets the requirements of one of the Listings. *See Cox*, 160 F.3d at 1206. Since Plaintiff has not provided any specific evidence supporting his claim that he meets the requirements of this Listing, Plaintiff has not met his burden, and this Court finds that Plaintiff does not meet the requirements of Listing 1.03. *See id. See also Vandenboom,* 421 F.3d at 750 (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

### d. Listing 1.05

Plaintiff claims he meets the requirements of Listing 1.05. (Doc. No. 7, Pages 11-12). This Listing for presumptive disability is for an "amputation (due to any cause)." At the administrative hearing and in his briefing, Plaintiff did not allege that he suffered from *any* amputations. (Doc. No. 7; Tr. 227-241). Accordingly, Plaintiff does not meet the requirements of this Listing.

### e. Listing 1.06

Plaintiff claims he meets the requirements of Listing 1.06. (Doc. No. 7, Pages 11-12). This Listing for presumptive disability is for a "fracture of the femur, tibia, pelvis, or one or more of the tarsal bones." Plaintiff has not alleged that he has suffered from any such fractures. (Doc. No. 7; Tr. 227-241). Accordingly, Plaintiff does not meet the requirements of this Listing.

### f. Listing 1.07

Plaintiff claims he meets the requirements of Listing 1.07. (Doc. No. 7, Pages 11-12). This Listing for presumptive disability is for a "fracture of an upper extremity." Plaintiff has not alleged that he has suffered from any such fractures. (Doc. No. 7; Tr. 227-241). Accordingly, Plaintiff does not meet the requirements of this Listing.

### g. Listing 1.08

Plaintiff claims he meets the requirements of Listing 1.08. (Doc. No. 7, Pages 11-12). This Listing for presumptive disability is for a "soft tissue injury (e.g., burns)." Plaintiff has not alleged that he has suffered from such a soft tissue injury. (Doc. No. 7; Tr. 227-241). Accordingly, Plaintiff does not meet the requirements of this Listing.

### 2. Credibility Determination

Plaintiff claims he suffers from chronic pain and that the ALJ erred in evaluating his chronic pain. (Doc. No. 7, Pages 4-20). Plaintiff's discussion of this issue consists almost entirely of his summarizing his testimony and the ALJ's findings. *See id.* There is little or no argument on this issue. *See id.* Plaintiff's only *specific* claim regarding the ALJ's credibility determination is that the ALJ erred in discounting his subjective complaints because he failed to follow a prescribed course of treatment or failed to seek medical attention. *See id.* Plaintiff claims that this failure is excused because he did not have sufficient funds to afford this treatment. *See id.*

In response to this argument, Defendant claims Plaintiff's lack of financial resources does not justify his failure to seek medical attention or follow-up medical treatment. (Doc. No. 8, Pages 11-12). Defendant claims Plaintiff was able to secure his necessary medications even without sufficient funds. *See id.* Defendant also argues that Plaintiff has not demonstrated he is *unable* to obtain free or low-cost medical treatment through a charity or some other organization. *See id.* Finally, Defendant argues Plaintiff was financially able to afford his medications. *See id.* Defendant argues Plaintiff could have forgone his smoking habit or alcohol intake in order to save money to finance his medications. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[8] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[8] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ provided several valid reasons for discounting Plaintiff's subjective complaints. *See* Background, *supra*. Because the ALJ's credibility determination is supported by several valid reasons, it is entitled to deference and should be affirmed. *See Lowe v. Apfel,* 226 F.3d at 971-72. Furthermore, the ALJ did properly discounted Plaintiff's subjective complaints partly because he failed to seek follow-up medical care or treatment. First, Plaintiff indicated that *he does not have any difficulty* obtaining pain relievers and other medications from his physician despite his inability to pay for those medications. (Tr. 236). Because he is actually receiving his medication from his physician, he cannot claim that his inability to pay for these medications and treatment caused him to not seek additional medication or treatment.

Second, Plaintiff apparently never quit his alcohol or smoking habits in order to allow himself to seek additional medication or treatment. (Tr. 107, 207). If he had stopped such habits, he would have had *more* if not *significantly more* income to allow himself to seek additional medication or treatment.

Third, Plaintiff has never demonstrated that he ever attempted to obtain low-cost medical treatment or that he had been denied care because of poverty. *See Murphy v. Sullivan,* 953 F.2d 383, 386-387 (8th Cir. 1992) (holding that the ALJ did not err in discounting the plaintiff's subjective complaints because there was no evidence the plaintiff had been denied medical care because of her financial condition and because there was no evidence she had ever sought or obtained any low-cost medical treatment from her doctor, clinics, and hospitals). Because Plaintiff did not provide any evidence establishing this, the ALJ did not err in discounting Plaintiff's subjective complaints.

It should also be noted at this point that Plaintiff's medical records indicate that he does have back pain. (Tr. 173). Many of Plaintiff's back problems, however, apparently could have been treated with back surgery. Dr. Alkire noted in February of 1994 that Plaintiff's back problems were severe and that Plaintiff was "going to come to need surgery most likely at the L4-5 disc." *See id.* Despite the option that he undergo back surgery, Plaintiff never underwent this surgery. (Tr. 233-234). Plaintiff provided no clear reason for why he decided not to have this surgery performed. *See id.* Such a failure to undergo this treatment is inconsistent with Plaintiff's subjective complaints of disabling pain and is inconsistent with a finding of disability. *See Shannon v. Cater,* 54 F.3d 484, 487-88 (8th Cir. 1995).

**B. Respiratory Listings**

Plaintiff claims he meets the requirements of the Listings for respiratory disorders. (Doc. No. 7, Pages 15-18). Plaintiff does not indicate *which* of the respiratory Listings he meets. *See id.* Instead, Plaintiff simply claims his COPD, dyspnea, shortness of breath, and chest pain meet the requirements of the Listings. *See id.* In response, Defendant claims that there is no objective evidence during the relevant time period establishing a severe respiratory impairment, much less a respiratory impairment that meets the requirements of the Listings. (Doc. No. 8, Pages 13-14). Defendant argues that Plaintiff's only support for this claim is from testing that was performed prior to his alleged onset date. *See id.*

The Listings for respiratory impairments include the following: 3.02 (Chronic pulmonary insufficiency), 3.03 (Asthma), 3.04 (Cystic Fibrosis), 3.06 (Pneumoconiosis), 3.07 (Bronchiectasis), 3.08 (Mycobacterial, mycotic, and other chronic persistent infections of the lung), 3.09 (Cor pulmonale secondary to chronic pulmonary vascular hypertension), 3.10 (Sleep-related breathing

disorders), and 3.11 (Lung transplant). Plaintiff has the burden of establishing that he meets all the requirements of one of these Listings. *See Cox*, 160 F.3d at 1206.

In this case, Plaintiff has provided no specific evidence establishing that he has met this burden. (Doc. No. 8). As noted by Defendant, the only medical evidence in the record Plaintiff even references is from a Pulmonary Function Test performed on July 15, 2003.[9] (Tr. 109). The report from this test is dated prior to November 23, 2004, Plaintiff's protective filing date for this application. Such a report is dated prior to the relevant time period and cannot be used as the only evidence to establish Plaintiff was disabled during the relevant time period. *See Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989) (holding that SSI benefits are not payable prior to the filing of the claimant's application and noting that the relevant time period for determining whether SSI benefits are payable begins the date the application is filed). Without more, Plaintiff cannot meet his burden of establishing that he meets the requirements of this Listing. Therefore, this Court finds that Plaintiff does not meet the requirements of any of the respiratory Listings.

**C. ALJ's RFC Determination**

Plaintiff claims the ALJ erred in finding Plaintiff's capacity for light work was not compromised by his nonexertional limitations.[10] (Doc. No. 7, Pages 18-19). With this argument, it appears that Plaintiff is essentially claiming that the ALJ erred in determining his RFC and in

---

[9] Presumably, this is the pulmonary function report Plaintiff references in his briefing. (Doc. No. 7, Page 16). Plaintiff did not provide any citation to this report.

[10] Plaintiff's argument is, however, confusing because he first claims that his impairments are *exertional limitations* and then he later claims that they are *nonexertional*. (Doc. No. 7, Pages 18-19). This Court will presume that Plaintiff is claiming these impairments are *nonexertional.* Without this assumption, Plaintiff's argument would be meritless.

determining the restrictions placed on his RFC.[11] *See id.* In making this argument, Plaintiff only references one problem with the ALJ's RFC determination.[12] *See id.* Specifically, Plaintiff claims the ALJ erred by failing to analyze the combined effects of Plaintiff's impairments. (Doc. No. 7, Pages 7, 18-19).

Under the facts in the present case, this Court finds that the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2008). In the present action, in reviewing these claimed impairments, the ALJ stated that "[t]he claimant's impairments, *singly or in combination*, do not meet or medically equal the requisite level of severity of any impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4" and that ""[t]he claimant does not experience *any symptoms, limitations or restrictions* of such duration, frequency, or intensity to be disabling or that would preclude him from the performance of a wide range of less exertional light work activity." (Tr. 20, Findings 4, 6) (emphasis added).

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do

---

[11] When the ALJ determines Plaintiff's RFC, the ALJ also necessarily evaluates whether a claimant's capacity for light work is compromised by the claimant's nonexertional limitations.

[12] Under the header for this argument, Plaintiff also reiterates his *Polaski* argument regarding the ALJ's credibility determination. (Doc. No. 7, Pages 18-19). Because this issue has already been addressed, it will not be addressed again.

not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek*, this Court finds the ALJ properly considered the Plaintiff's impairments in combination. Plaintiff has alleged that she suffers from a number of impairments. (Doc. No. 7, Pages 3-4). However, this Court is not required to find a plaintiff disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that he properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of Plaintiff's impairments in combination. *See Hajek,* 30 F.3d at 92.

### D. Testimony of a Vocational Expert

Plaintiff claims the ALJ erred by failing to obtain testimony from a vocational expert regarding his ability to perform basic work activity which exists in significant numbers in the national economy. (Doc. No. 7, Pages 19-20). Specifically, Plaintiff claims that the "Secretary's decision should be reversed or remanded for further findings after analysis of the evidence, specifically to properly consider *Plaintiff's physical limitations imposed by his treating physicians, lack of education, advanced age, and nontransferable work skills.*" *See id.* (emphasis added). This Court will address each of these elements.

First, Plaintiff claims that the ALJ should have properly considered the "physical limitations imposed by his treating physicians." (Doc. No. 7, Pages 19-20). Plaintiff, however, has not specified *any such physical limitations* imposed by his treating physicians, and the record does not indicate that any such limitations were imposed on him during the relevant time period. *See id.* In fact, it appears that the only medical records dated during the relevant time period are from Dr. Brian Thomas Oge, M.D., a consulting physician. (Tr. 153-158). In his report, Dr. Oge stated that Plaintiff suffered from dyspnea, chest pain, neck pain, and lower back pain but that Plaintiff only suffered

18

from a *mild limitation* in carrying, lifting, stooping, kneeling, and squatting. *See id.* Accordingly, based upon this Court's review of the record, Plaintiff has not established that any of his treating physicians have placed any physical limitations on him during the relevant time period.

Second, Plaintiff claims the ALJ failed to consider his "lack of education, advanced age, and nontransferable work skills" in his Step Five determination. (Doc. No. 7, Pages 19-20). The ALJ, however, did properly consider each of these factors when he determined that Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 11). In applying the Grids, the ALJ considered Plaintiff's RFC for light work, his age (classified as a "younger individual"), his seventh grade education ("limited or less"), and his nontransferable work skills ("unskilled or none"). (Tr. 21, Finding 11). Based upon his consideration of these factors, the ALJ then applied the Grids and determined that these findings dictated a result of "Not Disabled" under Rule 202.17. Accordingly, the ALJ properly considered Plaintiff's lack of education, advanced age, and nontransferable work skills, properly applied the Grids, and was not required to hear testimony from a vocational expert.

Furthermore, it should be noted that the ALJ was not required to hear testimony from a vocational expert in order to consider Plaintiff's nonexertional limitations. The ALJ is not required to hear testimony from a vocational expert, *even if a claimant suffers from nonexertional limitations,* if those nonexertional limitations do not significantly restrict a claimant in his or her ability to perform the full range of light work. *See Lucy v. Chater,* 113 F.3d 905, 909 (8th Cir. 1997). As noted above, the ALJ properly discounted Plaintiff's subjective complaints. *See* Discussion, *supra.* Because the ALJ properly discounted those subjective complaints and found they were not as severe as to be disabling or as to significantly restrict Plaintiff in his ability to perform the full range of light work, the ALJ did not err by failing to hear testimony from a vocational expert.

As a final note, Plaintiff claims the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 7, Page 9). However, even assuming there was such a failure, Plaintiff has not established that *any prejudice* resulted from this failure. *See id.* Therefore, this case should not be remanded on this issue alone. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand.").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of August, 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE